**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
  *kevin@kjclawgroup.com*
W. Blair Castle (SBN 354085)
  *blair@kjclawgroup.com*
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797

Attorneys for Plaintiff
*Calvin Love*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN LOVE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FILTERBABY LLC, a Maryland limited liability company; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br><u>Filed Concurrently:</u><br><br> 1. Plaintiff's CLRA Venue<br>  Affidavit<br><br>***(Jury Trial Demanded)*** |

CLASS ACTION COMPLAINT

Plaintiff Calvin Love ("Plaintiff"), individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to himself, on the investigation of his counsel, and on information and belief as to all other matters. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth in this complaint, after a reasonable opportunity for discovery.

## INTRODUCTION AND SUMMARY OF CLAIMS

1.    Plaintiff brings this Class Action Complaint to challenge the automatic renewal subscription practices of Filterbaby LLC ("Filterbaby").

2.    In short, Filterbaby's automatic renewal and continuous service offers violate California's Automatic Renewal Law (the "ARL"), Cal. Bus. & Prof. Code §§ 17600, *et seq.*, which requires companies like Filterbaby to clearly and conspicuously explain "automatic renewal offer terms," which Filterbaby fails to do.

3.    Additionally, Filterbaby violated the ARL by failing to provide Plaintiff and other consumers with a means to cancel their subscriptions (i) by using a "cost-effective, timely, and easy-to-use mechanism for cancellation," Cal. Bus. & Prof. Code § 17602(c), or (ii) "exclusively online, at will, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately." *Id.*, § 17602(d)(1).

4.    As a result of these ARL violations, Filterbaby has violated the California Consumers Legal Remedies Act (the "CLRA"), Cal. Civ. Code §§ 1750, *et seq. See King v. Bumble Trading, Inc.*, 393 F.Supp.3d 856, 870 (N.D. Cal. 2019) (an ARL violation can form the basis for a CLRA claim); *see also Johnson v. Pluralsight, LLC*, 728 F. App'x 674, 676–77 (9th Cir. 2018) ("[Plaintiff's] complaint alleges that Pluralsight violated the ARL by charging him without first providing information on how to cancel the subscription. The record also indicates that consumers signing up for trial subscriptions were not specifically given instructions on how to cancel before payment. This amply satisfies the UCL requirement that an unlawful business practice be any violation of 'other laws.'").

CLASS ACTION COMPLAINT

5.     In addition, because Filterbaby's automatic renewal "business practices" violate the ARL, they also violate California Business & Professions Code §§ 17200, *et seq.* (the "UCL"). *See*, *e.g.*, *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950 (2002) (explaining that the "unlawful" prong of § 17200 makes a violation of the underlying law a *per se* violation of the UCL; stating, "The UCL's scope is broad. By defining unfair competition to include any '*unlawful* . . . business act or practice,' the UCL permits violations of other laws to be treated as unfair competition that is independently actionable.") (emphasis in original); *see also Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal.4th 553, 561 (1998), *overruled on other grounds in Arias v. Superior Court*, 46 Cal.4th 969 (2009) (holding that § 17200 allows a remedy even if the underlying statute confers no private right of action). California law is clear that virtually any law or regulation—here, the ARL—can serve as a predicate for a § 17200 "unlawful" violation. *See People v. E.W.A.P., Inc.*, 106 Cal.App.3d 315, 319 (1980); *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383 (1992) (holding that § 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable under § 17200).

6.     Plaintiff, on behalf of himself and the Class (defined below), seeks to obtain actual damages, injunctive relief, restitution, punitive damages, and other appropriate relief as a result of these violations.  *See* Cal. Civ. Code § 1780(a)(1) – (5); Cal. Bus. & Prof. Code §§ 17203, 17204 & 17535.

7.     Plaintiff also seeks reasonable attorneys' fees pursuant to both (1) the CLRA, which allows a prevailing plaintiff to recover court costs and attorneys' fees as a matter of right, *see* Cal. Civ. Code § 1780(e), and (2) Cal. Civ. Code section 1021.5, as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

## **PARTIES**

8.     Plaintiff is and at all relevant times mentioned was both a resident of Los Angeles County, California and a "consumer," as defined by Cal. Civ. Code § 1761(d) and Cal. Bus. & Prof. Code § 17601(d).

9.      On information and belief, Filterbaby is a Maryland limited liability company with its principal place of business in Gaithersburg, Maryland.  Filterbaby is and at all relevant times mentioned was a "person," as defined by Cal. Civ. Code § 1761(c).

10.     Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members as alleged in this Complaint. Defendants shall together be referred to as "Defendants" or "Filterbaby."

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class. Further, at least one member of the proposed class is a citizen of a state within the United States and at least one defendant is the citizen or subject of a foreign state.

12.     This Court has personal jurisdiction over Filterbaby because Filterbaby has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California through its sale of subscriptions and products in California and to California consumers.

13.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.  Plaintiff resides in this District and purchased a product from Filterbaby in this District.

## FACTUAL ALLEGATIONS

14.     Filterbaby is an online retailer of water filters.

15.     On November 9, 2024, Plaintiff purchased a "subscription at Filterbaby" after buying two products from Filterbaby's website (https://filterbaby.com/): (i) "Filterbaby Skincare Filter 2.0 - Black x 1" and (ii) "Filterbaby Pro Series Aluminum Titanium Shower

Filter - Black x 1"). After this initial transaction, however, Filterbaby enrolled Plaintiff into an automatic renewal subscription without providing the clear and conspicuous disclosures required by California law.

16.    At the same time, Filterbaby failed to provide a means for Plaintiff to cancel his subscription (i) by using a "cost-effective, timely, and easy-to-use mechanism for cancellation," Cal. Bus. & Prof. Code § 17602(c) (California's Automatic Renewal Law (the "ARL")), or (ii) "exclusively online, at will, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately." *Id.*, § 17602(d)(1).

17.    In fact, despite repeated attempts, Plaintiff legitimately has no idea how to cancel the subscription (which is not surprising, because Filterbaby does not disclose its cancellation method to consumers, in clear violation of the ARL).

18.    Automatic renewal subscriptions affecting California consumers are governed by the ARL, Cal. Bus. & Prof. Code §§ 17600, *et seq.*

19.    The ARL requires companies like Filterbaby to clearly and conspicuously explain "automatic renewal offer terms," including by providing the following clear and conspicuous disclosures:

      (a) that the subscription or purchasing agreement will continue until the consumer cancels;

      (b) the description of the cancellation policy that applies to the offer;

      (c) the recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known;

      (d) the length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer; and

      (e) the minimum purchase obligation, if any.

*See* Cal. Bus. & Prof. Code § 17601(b)(1) – (5).

20.     Critically, the ARL requires that the automatic renewal offer terms must be presented to the consumer both:

(a) _before_ the purchasing contract is fulfilled, and in "visual proximity" to the _request for consent to the offer_; and

(b) _clearly and conspicuously_, defined by the statute as one or more of the following:

    i.    in larger type than the surrounding text;

    ii.    in contrasting type, font, or color to the surrounding text of the same size; or

    iii.    set off from the surrounding text of the same size by symbols or other marks in a manner that clearly calls attention to the language.

_See id._, §§ 17602(a)(1) & 17601(c).

21.     Filterbaby failed to provide these disclosures.

22.     As shown from the screenshot below (captured from Filterbaby's website), Filterbaby does not clearly and conspicuously disclose in visual proximity to the request for consent to the offer, among other things, the automatic renewal offer terms, that the subscription or purchasing agreement will continue until the consumer cancels, or the cancellation policy that applies to the offer:

///

///

///

///

///

///

///

///

///

///

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16




17    23.    Additionally, Filterbaby must provide consumers with "an acknowledgment

18  that includes the automatic renewal offer terms or continuous service offer terms,

19  cancellation policy, and information regarding how to cancel in a manner that is capable

20  of being retained by the consumer." *Id*. at § 17602(a)(3).

21    24.    Instead, the acknowledgment Plaintiff received, shown below, was deficient

22  in many respects, including because Filterbaby fails to provide the offer terms, its

23  cancellation policy, and instructions on how to cancel a subscription.

24    ///

25    ///

26    ///

27    ///

28    ///

7

CLASS ACTION COMPLAINT

## **Order confirmation email:**

---------- Forwarded message ----------
From: **FilterBaby** <no-reply@sealsubscriptions-email.com>
Date:
Subject: Your Filterbaby Subscription
To:

### Subscription created

Thank you for creating a subscription at Filterbaby. You can always view, or edit your subscription by logging to your account in our store, or by clicking on the link below.

**View subscription**

### Items

| | |
|---|---|
| Filterbaby Skincare Filter 2.0 - Black x 1 | 77.00 USD |
| Filterbaby Pro Series Aluminum Titanium Shower Filter - Black x 1 | 77.00 USD |

If you have any questions, you can always contact us at help@filterbaby.com.

This e-mail was sent to you to confirm your subscription at FilterBaby. You can view or edit your subscription here.

25.    Filterbaby also failed provide a means to cancel subscriptions by using a "cost-effective, timely, and easy-to-use mechanism for cancellation." *Id.* at § 17602(b).

26.    Where, as here, "a business that allows a consumer to accept an automatic renewal or continuous service offer online shall allow a consumer to terminate the automatic renewal or continuous service exclusively online, at will, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately." *Id.* at § 17602(d)(1).

27.    Moreover, to cancel, "the business shall provide a method of termination that is online in the form of either of the following: (A) A prominently located direct link or button which may be located within either a customer account or profile, or within either device or user settings [or] (B) By an immediately accessible termination email formatted

and provided by the business that a consumer can send to the business without additional information." *Id*. at § 17602(d)(2).  Filterbaby does neither.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class.

29.    Plaintiff represents, and is a member of, the Class consisting of:

> **All persons in California who purchased a product or service from Filterbaby as part of an automatic renewal plan or continuous service offer within the four years prior to the filing of this Complaint.**

30.    Excluded from the Class are any and all past or present officers, directors, or employees of Filterbaby, and any judge who presides over this action.  Plaintiff reserves the right to expand, limit, modify, or amend these class definitions, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon changing circumstances and/or new facts obtained during discovery.

31.    There is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class.

32.    ***Numerosity***: The Class is so numerous that joinder of all members in one action is impracticable.  The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but on information and belief, Plaintiff alleges that there are thousands of members of the Class.  The precise number of Class members is unknown to Plaintiff.

33.    ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class he seeks to represent.  Identical to all members of the Class, Filterbaby failed to provide a "cost-effective, timely, and easy-to-use mechanism for cancellation" whereby consumers can "terminate the automatic renewal or continuous service exclusively online, at will, and without engaging any further steps

CLASS ACTION COMPLAINT

that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately."

34. ***Adequacy of Representation***.  Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.  Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and his counsel intend to prosecute this action vigorously.  Plaintiff has no antagonistic or adverse interests to those of the Class.

35. ***Existence and Predominance of Common Questions of Law or Fact***. Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

(a) Do Filterbaby's automatic renewal practices violate the ARL, Cal. Bus & Prof. Code §§ 17600, *et seq.*?

(b) Has Filterbaby violated the CLRA, Cal. Civ. Code §§ 1750, *et seq.*?

(c) Has Filterbaby violated the UCL, Cal. Bus. & Prof. Code §§ 17200, *et seq.*?

(d) Whether the members of the Class are entitled to damages and/or restitution.

(e) What type of injunctive relief is appropriate and necessary to enjoin Filterbaby from continuing its unlawful automatic renewal practices?

36. ***Superiority***.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.  Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered. Even if every member of the Class could afford individual litigation, the adjudication of at least thousands of identical claims would be unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or

contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

37.     By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the members of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action.  The prosecution of separate actions by individual members of the Class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class who are not parties to such adjudications, or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

38.     *Ascertainability*. Upon information and belief, Defendant keeps extensive computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs.  Defendant has one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses and home addresses (such as billing, mailing, and shipping addresses), through which notice of this action is capable of being disseminated in accordance with due process requirements.

## **FIRST CAUSE OF ACTION**

**Violation of the California Consumers Legal Remedies Act (ARL),**

**Cal. Civ. Code §§ 1750, *et seq*.**

**(By Plaintiff Against Defendants on Behalf of the Class)**

39.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph.

40.     The CLRA is a California consumer protection statute which allows plaintiffs to bring private civil actions for "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction . . . which results in the sale or

lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).  The purposes of the CLRA are "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."  Cal. Civ. Code § 1760.

41.    California enacted the ARL "to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service."  Cal. Bus. & Prof. Code § 17600.

42.    Plaintiff and each member of the Class are "consumers" as defined by California Business & Professions Code section 17601(d).  Filterbaby's sales of its products on its website to Plaintiff and the Class were for an "automatic renewal" within the meaning of California Business & Professions Code section 17601(a).

43.    Defendants failed to clearly and conspicuously disclose (a) the nature of the subscription agreement as one that will continue until the consumer canceled, (b) how to cancel the subscription, (c) the recurring amounts that would be charged to the consumer's payment account, (d) the length of the automatic renewal term, or (e) any minimum purchasing obligation(s).

44.    Defendants failed to provide a "cost-effective, timely, and easy-to-use mechanism for cancellation" whereby consumers can "terminate the automatic renewal or continuous service exclusively online, at will, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately."

45.    Through their violations of the ARL, Defendants have violated the CLRA. *See King*, 393 F.Supp.3d at 870 (an ARL violation can form the basis for a CLRA claim); *see also Pluralsight*, 728 F. App'x at 676–77 ("[Plaintiff's] complaint alleges that Pluralsight violated the ARL by charging him without first providing information on how to cancel the subscription.  The record also indicates that consumers signing up for trial subscriptions were not specifically given instructions on how to cancel before payment.

This amply satisfies the UCL requirement that an unlawful business practice be any violation of 'other laws.'").

46.    Pursuant to Cal. Civ. Code § 1782, on March 3, 2025, Plaintiff's counsel notified Defendants in writing (by certified mail, with return receipt requested) of the particular violations of the CLRA and demanded that they correct or agree to correct the actions described in this Complaint, including by giving notice to all affected consumers.

47.    Defendants did not agree to rectify the problems associated with the actions described above and to give notice to all affected consumers within 30 days of the date of the written notice, as prescribed by § 1782.

48.    Plaintiff seeks actual, consequential, punitive, and statutory damages, as well as mandatory attorneys' fees and costs, against Defendants.

## SECOND CAUSE OF ACTION

### Violation of the Unfair Competition Law (ARL) (Bus. & Prof. Code, §§ 17200)

### (By Plaintiff Against Defendants on Behalf of the Class)

49.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph.

50.    The UCL prohibits, and provides civil remedies for, "unfair competition," which is defined as "any unlawful, unfair or fraudulent business act or practice." The UCL is written in "sweeping language" to include "anything that can properly be called a business practice and that at the same time is forbidden by law." *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264 (1992) (internal brackets and quotation marks omitted).

51.    The UCL has several substantive "prongs" which are a function of the statutory definition of "unfair competition."  More specifically, under the UCL, "unfair competition" includes (i) an "unlawful" business act or practice, (ii) an "unfair" business act or practice, and (iii) a "fraudulent" business act or practice.  *See* Bus. & Prof. Code, §§ 17200, *et seq.*

CLASS ACTION COMPLAINT

52.    The "unlawful" prong of the UCL makes a violation of the underlying law a *per se* violation of the UCL.  "By defining unfair competition to include any '*unlawful . . .* business act or practice,' the UCL permits violations of other laws to be treated as unfair competition that is independently actionable."  *Kasky*, 27 Cal.4th at 950 (emphasis in original).

53.    Defendants committed "unlawful," "unfair," and/or "fraudulent" business practices by, among other things: (a) enrolling Plaintiff and the Class in an automatic renewal and continuous service subscription without providing clear and conspicuous disclosures as required by California law; (b) charging Plaintiff and the Class for those services without obtaining the requisite affirmative consent; (c) failing to provide Plaintiff or the Class with information on how to cancel those services; (d) failing to provide Plaintiff or the Class with a cost-effective, timely, and easy-to-use mechanism for cancellation, nor a method of cancellation required by § 17602; and (e) failing to send an ARL-compliant retainable acknowledgement consistent with Cal. Bus. & Prof. Code § 17602(a)(3).  Plaintiff reserves the right to allege other violations of law that constitute unlawful, unfair, or fraudulent business acts or practices.

54.    Defendants' acts and omissions as alleged in this Complaint violate obligations imposed by statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

55.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described in this Complaint.

56.    Defendants' acts, omissions, nondisclosures, and misleading statements as alleged in this Complaint were and are false, misleading, and/or likely to deceive the consuming public.

57.    Plaintiff has suffered injury in fact and lost money as a result of Defendants' acts of unfair competition.

58.     Pursuant to § 17203, Plaintiff and all Class members are entitled to restitution of all amounts Defendants received from them as a result of the foregoing conduct during the four years preceding the filing of this Complaint and continuing until Defendants' acts of unfair competition cease.

59.     Pursuant to § 17203, Plaintiff is entitled to an order enjoining Defendants from committing further acts of unfair competition. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment in favor of himself and the Class as follows:

### **On the First Cause of Action for Violation of the California Consumer Legal Remedies Act (ARL), Cal. Civ. Code §§ 1750,** *et seq.*

A.     For an order certifying that the action be maintained as a class action, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class counsel.

B.     For an injunction putting a stop to the illegal conduct described herein and ordering Defendants to correct their illegal conduct and (i) refrain from automatically charging consumers without properly informing them in the future, and (ii) implement an ARL-compliant cancellation method.

C.     For an order awarding Plaintiff and the proposed Class members actual, consequential, restitution, punitive, and statutory damages, as appropriate.

D.     For pre- and post-judgment interest and costs of suit incurred herein.

E.     For attorneys' fees incurred herein.

F.     For such other and further relief as the Court may deem just and proper.

### **On the Second Cause of Action for Violation of the Unfair Competition Law (ARL) (Bus. & Prof. Code, §§ 17200, et seq.)**

A.     For an order certifying that the action be maintained as a class action, that Plaintiff be designated the class representative, and that undersigned counsel be designated

as class counsel.

     B.    For an injunction putting a stop to the illegal conduct described herein and ordering Defendants to correct their illegal conduct and (i) refrain from automatically charging consumers without properly informing them in the future, and (ii) implement an ARL-compliant cancellation method.

     C.    For an order awarding Plaintiff and the proposed Class members actual, consequential, restitution, punitive, and statutory damages, as appropriate.

     D.    For pre- and post-judgment interest and costs of suit incurred herein.

     E.    For attorneys' fees incurred herein.

     F.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, hereby demands a trial by jury on all counts so triable.

DATED: April 22, 2025        **KJC LAW GROUP, A.P.C.**

                By:   <u>/s/ *Kevin J. Cole*</u>
                    Kevin J. Cole, Esq.

                    *Attorneys for Plaintiff*
                    *Calvin Love*

CLASS ACTION COMPLAINT